IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH NICHOLS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>TUDI MECHANCIAL SYSTEMS, INC. ROBERT TUDI, and BRADLEY TITUS, individually,<br>        Defendant. | Case No.:  2:22-cv-1545 |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Keith Nichols by and through the undersigned counsel, J.P. Ward & Associates and, specifically, Joshua P. Ward, Esquire, files the within Collective and Class Action Complaint in Civil Action against Defendants, Tudi Mechanical Systems, Inc., Robert Tudi, and Bradley Titus, for violations of the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.101, *et seq.* (hereinafter "the PMWA"), the Wage Payment and Collection Law ("WPCL") 43 P.S. §260.1 *et seq.*

## PARTIES

1. Plaintiff, Keith Nichols (hereinafter "Mr. Nichols" or "Plaintiff"), is an adult individual who currently resides at 5 Ashley Lane, New Kensington, PA, 15068.

2. Defendant, Tudi Mechanical Systems, Inc. (hereinafter "Tudi" or "Defendant"), is a Pennsylvania corporation located at 343 Munson Ave, McKees Rocks, PA, 15136.

3. Defendant, Robert Tudi (hereinafter "Mr. Tudi"), is an adult individual who is presumed to reside at 5615 E. Adamo Dr., Tampa, Hillsborough County, Florida, 33619.

4. Defendant, Bradley Titus (hereinafter " Mr. Titus") is an adult individual who is presumed to reside at 127 Baum Station Rd., Templeton, Armstrong County, Pennsylvania, 16259.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States and Plaintiff seeks redress for violations of federal laws. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, because such claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

7. For all applicable claims, Plaintiff has exhausted his administrative remedies under federal and Pennsylvania law.

## FACTUAL ALLEGATIONS

8. On October 1, 2018, Plaintiff began his employment with Defendant

9. Plaintiff was hired for the position of Electrical Lead Technician and his primary role was working with other electricians at various job sites to complete electrical installations.

10. Often times, Defendant required Plaintiff to come to the shop at the end of the workday to load materials and equipment for the following day.

11. Plaintiff regularly worked over 40 hours per week including time spent delivering equipment and materials to jobsites.

A. **Unpaid Mandatory Trainings and Stocking of Work Trucks for Plaintiff and the Class and Collective Allegations**

12. Defendant, Tudi Mechanical is made up of four separate departments including but not limited to the Electrical Department.

13. Defendant, Mr. Titus, Electrical Department Supervisor, required Plaintiff and the collective class of the Electrical Department to come to the shop during non-working hours and attended four mandatory job trainings.

14. Plaintiff and the collective class were the only department required to attend the job trainings. Plaintiff and the collective class would leave their worksite at 3:00 p.m. and travel to the shop for these trainings until 9:00 p.m.

15. Tudi would typically have a catered dinner for these trainings in order to create the illusion that they were voluntary.

16. Mr. Titus would require Plaintiff and the collective class to perform job duties including but not limited to stripping scrap wires, stocking their work vehicles, discussions on how to make improvements in the Electrical Department, and sorting materials.

17. Plaintiff and the collective class would frequently discuss amongst themselves how these mandatory trainings were just continuations of their workdays.

18. Upon information and belief, Mr. Titus would use these mandatory trainings to extract unpaid work time from its employees. Additionally, Mr. Tudi used the scrapped wire to turn a profit.

19. There were as many as four (4) such mandatory unpaid training that took place within the applicable statute of limitations.

20. Plaintiff complained about the mandatory trainings because they were unpaid, yet they were working.

21. Plaintiff stated "well, we should be getting paid for this". Mr. Titus replied to Plaintiff's complaint, "Well this is training.". Defendants continued to ignore Plaintiff and the collective class's complaints

22. Defendant failed to compensate Plaintiff and the collective class for the mandatory job trainings lasting up to six hours.

23. Plaintiff and the collective class have yet to be fully and properly compensated overtime wages for the mandatory trainings.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and the FLSA Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiff also brings this action on behalf of himself and the PA Class as a class action pursuant to Fed. R. Civ. P. 23 for claims under Pennsylvania State Laws:

   a. **The FLSA Collective Class**:

   All employees of Defendant who performed work, in excess of 40 hours per week, without compensation at mandatory unpaid training sessions within the applicable statute of limitations.

   b. **The PA WPCL Class**:

   All employees of Defendant who performed work without compensation, regardless of whether they had previously accrued 40 hours of work within the applicable week, without compensation at mandatory unpaid training sessions within the applicable statute of limitations.

   c. **The Pa. MWA Class**:

   All employees of Defendant who performed work, in excess of 40 hours per week, without compensation at mandatory unpaid training sessions within the applicable statute of limitations.

25. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims brought under Pennsylvania Laws may be pursued by all similarly situated persons who do not opt out of the PA Class pursuant to Fed. R. Civ. P. 23.

26. Excluded from the Classes are Defendants, Tudi Mechanical, Inc, Robert Tudi, and Bradley Titus, as well as their past and present officers, any judge who presides over this action, and any attorneys who enter their appearance in this action.

27. Plaintiff reserve the right to expand, limit, modify, or amend the Classes' definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

28. Questions of law and fact common to the Classes, predominate over any issues involving only individual class members. The primary issues concern: Defendants' failure to compensate employees of the Electrical Department for the mandatory trainings and stocking of their work vehicles three to four times for a maximum of six hours during the months of October through May from 2018 through 2021 at a rate of at least minimum wage, including straight time and overtime, in violation 29 U.S.C. §201, *et seq*. of the FLSA, 43 Pa. Stat. Ann. § 333.101, *et seq*. of the PMWA, 43 P.S. § 260.9 of the Wage Payment and Collection Law, or alternatively Pennsylvania common law.

29. This action has been brought, and may properly be maintained, as a collective action or class action pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 because of a well-defined public interest in this litigation:

30. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is

impracticable because there are dozens of persons where Defendants have failed to compensate for a minimum of three to four times for six hours in duration for attending mandatory trainings and stocking of their work vehicles in violation of FLSA regulation, 29 CFR § 785.27..

31. The identities of all class members are readily ascertainable from the records of Defendants.

32. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves questions of law and fact that are common to the class members and predominate over questions affecting only individual Class Members. Such common questions include, but are not limited to:

   a. Whether Defendants failed to compensate employees of the Electrical Department for a maximum of 6 hours up to three to four times during the months of October through May from 2018 through 2021for all hours worked, both overtime and straight time, in violation of 29 U.S.C. §201, *et seq*. of the FLSA, 43 Pa. Stat. Ann. §333.101, *et seq.* of the PMWA, and 43 P.S. §260.9 of the Wage Payment and Collection Law.

   b. Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

33. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiff and all members of the Plaintiff's Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

34. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the

interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

35. **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1).

36. **Superiority − Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class Members to individually seek redress for Defendants' wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent

or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37.     **Ascertainability** – all members of the proposed class are ascertainable. Defendants have access to Class Members' names and addresses affected by the Defendants' wrongful conduct described herein.

## STATEMENTOF CLAIMS

## COUNT I

### FAILURE TO PAY OVERTIME TO THE COLLECTIVE CLASS IN VIOLATION OF THE FLSA
*(Plaintiff on behalf of the Collective Class vs. Defendants)*
*Jointly and Severally*

38.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

39.     Under the Fair Labor Standards Act (hereinafter "FLSA"), an employer is prohibited from employing an employee for a workweek "longer than forty hours unless such employee receives compensation" for hours worked more than the specified forty hours. 29 U.S.C.S. §207(a)(1).  This rate must be at a rate "not less than one and one-half times the regular rate at which [the employee] is employed." *Id*.

40.     When a plaintiff seeks to establish an overtime claim under the FLSA, he must "sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours. *Rosario v. First Student Mgmt., LLC*, 2016 U.S. Dist. LEXIS 108172 at *20 (E.D. Pa. 2016).  The plaintiff is also required to "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly

scheduled shifts," so that "allegations concerning a typical forty-hour work week include an assertion that the employee worked additional hours during such a week." *Id.*

41. Plaintiff and the collective class are "employees" as defined by 29 U.S.C.S §203(e)(1) of the FLSA.

42. Defendants are "employer[s]" as defined by 29 U.S.C.S §203(d) of the FLSA.

43. The FLSA imposes individual liability, jointly and severally, upon Robert Tudi and Bradley Titus because they meet the definition of "employer." 29 U.S.C.S §203(d). Indeed, Robert Tudi is the sole owner and is the ultimate authority with respect to operations. Bradley Titus was the direct supervisor to Plaintiff and the collective class.

44. Additionally, Robert Tudi and Bradley Titus are corporate officers and executives. Thus, they may be held individually liable pursuant to the well-recognized Pennsylvania common law 'participation theory.'

45. Plaintiff and the collective class were not overtime exempt, as set forth hereinabove.

46. Under the FLSA regulation, 29 CFR § 785.27 , "Attendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met: (a) Attendance is outside of the employee's regular working hours; (b) Attendance is in fact voluntary; (c) The course, lecture, or meeting is not directly related to the employee's job; and (d) The employee does not perform any productive work during such attendance."

47. Defendants required Plaintiff and the collective class to regularly work outside of their scheduled working hours three to four times for six hours during the months of October through May from 2018 through 2021 through their employment.

48. Defendant, Mr. Titus made these voluntary trainings mandatory for the Plaintiff and the collective class.

49. These mandatory meetings did not directly enhance or teach new skills related to Plaintiff and the collective class's job. Instead, these mandatory meetings were Defendant's way of getting free manual labor from Plaintiff and the collective class.

50. The continuous workday rule provides that a workday generally "is the period between the beginning and the completion on the same workday of an employee's principal activities; and includes all time within that period, whether the employee engages in work throughout all that period or not". 29 C.F.R. § 790.6(b)

51. As described above, Plaintiff and the collective class performed productive work during their attendance at the mandatory meetings, including, stripping of wire to be scrapped, restocking trucks, sorting of materials participating in management meetings, receiving job related training.

52. The actions of Defendants were intentional, wanton, willful, and done in reckless indifference to the rights of Plaintiff. The imposition of punitive damages is warranted.

53. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, lost wages and severe inconvenience, all in the past, present, and future.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGE IN VIOLATION OF**
**THE PENNSYLVANIA MINIMUM WAGE ACT**
*(Plaintiff on behalf of the Collective Class vs. Defendants)*
*Jointly and Severally*

54. Plaintiffs incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

55. The PWMA states that overtime pay is required "for hours in excess of forty hours in a workweek. 43 Pa. Stat. Ann. §333.104(c). Further, the PMWA requires the same time and a half payment for "all hours worked past 40 in a week." *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007) (citing 29 U.S.C.S. 207(a), 43 Pa. Stat. Ann. 333.104(c)).

56. Because the PMWA "substantially parallels" the FLSA, this Court should look to the federal courts' interpretation of the FLSA when analyzing claims under the PMWA. *Philadelphia Metal Trades Council v. Konnerud Consulting W.*, A.S., No. CV 15-5621, 2016 WL 1086709, at *5 (E.D. Pa. Mar. 21, 2016) (citing *Ford-Greene*, 106 F. Supp. 3d at 610–13 (applying the Third Circuit's analysis in Davis to the plaintiff's claims under both the FLSA and PMWA).

57. Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560.

58. Defendants failed to compensate Plaintiff and PA Class members for a maximum of six hours of overtime pay three to four times during the months of October through May from 2018 through 2021 for the mandatory trainings when Plaintiff and PA Class Members worked more than 37.5 hours in violation of 43 Pa. Stat. Ann. §333.104(c).

59. Plaintiffs and the PA Class Members have yet to be fully and properly compensated for all overtime hours worked.

60. Further, a corporate officer such as Mr. Tudi and Mr. Titus, who participates in wrongful, injury-producing conduct can be personally liable, that is, individually liable for torts committed while acting within the scope of his or her employment by the corporation. *Loeffler v. McShane*, 539 A.2d 876 (Pa. Super. 1988); *Moy v. Schreiber Deed Sec. Co.*, 535 A.2d 1186 (Pa. Super. 1988); *Amabile v. Auto Kleen Car Wash*, 376 A.2d 247 (Pa. Super. 1977); *Tayar v. Camelback Corp. Inc.*, 957 A.2d 281 (Pa. Super. 2008). Mr. Tudi and Mr. Titus are personally liable for PMWA violations and cannot shield themselves behind a corporation when they are an actual participant in the tort. *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3rd Cir. 1978).

61. As a direct and proximate result of the aforementioned conduct, Plaintiff and the PA Class suffered actual damages, including, but not limited to, lost straight time and overtime wages in amounts to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to the PMWA, and such other legal and equitable relief as the Court deems just and proper.

62. As described above, Plaintiff and the collective class performed productive work during their attendance at the mandatory meetings, including, stripping of wire to be scrapped, restocking trucks, sorting of materials participating in management meetings, receiving job related training.

63. The members of the collective class were entitled to overtime compensation for said work if indeed they had worked forty (40) hours within the applicable week.

64. As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

**COUNT III**
**FAILURE TO PAY WAGES FOR OVERTIME AND STRAIGHT TIME IN VIOLATION OF THE PENNSYLVNIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. §260.1 *et seq***

*(Plaintiffs and PA Class Members v. Tudi Mechanical, Inc and Robert Tudi)*
*both jointly and severally*

65. Plaintiffs incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

66. Under the WPCL, the definition of employer "includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. §260.2a.

67. The Pennsylvania WPCL, 43 P.S. §260.1 et seq., however, does not provide "a statutory definition of the term 'employee'." Frank Burns, Inc. v. Interdigital Communs. Corp, 704 A.2d 678, 680-81 (Pa Super. 1997).

68. Courts in Pennsylvania have held that "any person in Pennsylvania can qualify as an employee under the WPCL," because "grammatically, an 'employee' is an entity that is employed," and "in the definition of employer, the entity employed by the employer, i.e., the employee, is any person in Pennsylvania." Frank Burns v. Interdigital Communs. Corp., at 681.

69. Pennsylvania courts have thus narrowed the definition of employee accordingly: "those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." Id. Citing Killian v. McCulloch, 873 F. Supp. 938, 942 (E.D. Pa. 1995).

70. The WPCL does not create a right to compensation, but "provides employees a statutory remedy to recover wages and other benefits that are contractually due to them."

Oberneder v. Link Computer Corp., 696 A.2d 148, 150 (1997), citing Killian v. McCulloch, 850 F.Supp. 1239, 1255 (E.D.Pa.1994).

71. As a company conducting business and employing person(s) in the Commonwealth of Pennsylvania, Defendants are "an employer" within the definition of the WPCL 43 Pa. C.S. §260.1a. Plaintiff and the PA Class Members, based on the law cited above, were employees of Defendants working within the Commonwealth of Pennsylvania.

72. Defendants and Plaintiff and Defendants and the PA Class Members entered into an oral and written employment contract where Defendants agreed to pay an hourly wage for all hours worked.

73. Mr. Titus required Plaintiff and the PA Class members to attend mandatory trainings where they continued their workdays by performing productive work during their attendance at the mandatory meetings.

74. Rather than correct the unlawful compensation rate, Defendants blatantly ignored Plaintiff and the PA Class Members complaints about not being compensated for the productive work being performed in order to turn a profit.

75. As of the date of the filing of this Complaint, Plaintiff and the PA Class Members have yet to be compensated for all hours worked in overtime for a maximum of 6 hours for the three to four times during their attendance to the mandatory trainings during the months of October through May from 2018 through 2021.

76. Further, a corporate officer such as Mr. Tudi and Mr. Titus, who participates in wrongful, injury-producing conduct can be personally liable, that is, individually liable for torts committed while acting within the scope of his or her employment by the corporation. Loeffler v. McShane, 539 A.2d 876 (Pa. Super. 1988); Moy v. Schreiber Deed Sec. Co., 535 A.2d 1186 (Pa.

Super. 1988); Amabile v. Auto Kleen Car Wash, 376 A.2d 247 (Pa. Super. 1977); Tayar v. Camelback Corp. Inc., 957 A.2d 281 (Pa. Super. 2008). Mr. Ciferno is personally liable for WPCL violations and cannot shield himself behind a corporation when he is an actual participant in the tort.  Donsco, Inc. v. Casper Corp., 587 F.2d 602 (3rd Cir. 1978).

77. As a direct and proximate result of the aforementioned conduct, Plaintiff and the PA Class suffered actual damages, including, but not limited to, overtime wages in amounts to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to the WPCL, and such other legal and equitable relief as the Court deems just and proper.

78. As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

## COUNT IV
## BREACH OF CONTRACT
*(Plaintiff and PA Class Members v. Tudi Mechanical, Inc and Robert Tudi)*
*both jointly and severally*

79. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

80. Plaintiff and the PA Class Members were entitled, as part of Defendants' oral and written employment contract and per FLSA regulation 29 C.F.R. § 790.6(b).

81. Defendants were bound by the duty of good faith and fair dealing. As such, Defendants had a duty to calculate and reimburse Plaintiff and the PA Class Members for the three to four mandatory trainings and stocking of their work vehicles during the months of October through May from 2018 through 2021 pursuant to FLSA regulation, 29 CFR § 785.27

82. Defendants failed to ensure accuracy of Plaintiff and the Class Members' wage payment information thus depriving him of his earned benefit.

83. All conditions precedent to recovery have occurred.

84. As a direct result of this breach of contract, Plaintiff and the PA Class Members have suffered damages as set forth hereinabove.

## COUNT V
## QUANTUM MERUIT / UNJUST ENRICHMENT

*(Plaintiff and PA Class Members v. Tudi Mechanical, Inc and Robert Tudi)*
*both jointly and severally*
*(Pled in the Alternative)*

85. Plaintiff incorporate the allegations contained in the paragraphs above as if fully set forth at length herein.

86. Plaintiff and the PA Class Members had an expectation of payment from Defendants.

87. Plaintiff and the PA Class Members conferred a benefit upon Defendants.

88. Defendants appreciated the benefit of Plaintiff and the PA Class Members' time and efforts.

89. It would be manifestly unjust if the Defendants' acceptance and retention of such benefits were permitted without payment of value to Plaintiff and the PA Class Members.

90. As a direct and proximate cause of the aforementioned conduct, Plaintiff and the PA Class Members suffered actual damages, including, but not limited to, wage loss, loss of income and are entitled to reimbursement, restitution and disgorgement from Defendants of the value of the benefits conferred by Plaintiff and the PA Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Keith Nichols, on his own behalf and on behalf of the Collective Class Members and PA Class Members, respectfully requests this Honorable Court enter judgment in Plaintiffs favor and against Defendant, Tudi Mechanical, Inc, Robert Tudi, and Bradley Titus, as follows:

A. Declaring this action, a proper class action, certifying the classes as requested herein, designating Plaintiff as a Class Representative and appointing the undersigned counsel as Class Counsel;

B. Pursuant to 29 U.S.C. § 216(b) sending prompt notice of this litigation to all potential Class members;

C. Judgment against Defendants for their failure to pay Plaintiffs and those similarly situated for all hours worked for attending the mandatory trainings and performing work in accordance with the standards set forth by the FLSA;

D. Judgment against Defendants for their failure to pay Plaintiffs and those similarly situated for all hours worked for attending the mandatory trainings and performing work in accordance with the standards set forth by the PMWA;

E. Judgment against Defendants for their failure to pay Plaintiffs and those similarly situated for all hours worked for attending the mandatory trainings and performing work in accordance with the standards set forth by the WPCL;

F. An award against Defendants for the amount of unpaid wages owed to Plaintiffs and those similarly situated;

G. An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

H. An award of treble damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

I. An award of reasonable attorney's fees and costs to Plaintiffs and the other members of the class to be satisfied in full by Defendants;

J. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded;

K. Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

L. Ordering such other and further relief as may be just and proper by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury on all matters so triable.

                    Respectfully submitted,

                    **J.P. WARD & ASSOCIATES, LLC**

Date: October 27, 2022        By: */s/ Joshua P. Ward,*
                                                  Joshua P. Ward (Pa. I.D. No. 320347)
                                                  Travis A. Gordon (Pa. I.D. No. 328314)

                                                  J.P. Ward & Associates, LLC.
                                                  The Rubicon Building
                                                  201 South Highland Avenue
                                                  Suite 201
                                                  Pittsburgh, PA 15206

                                                  *Counsel for Plaintiff*